J-S23034-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CANYON CLIFF BEER | : | |
| | : | |
| Appellant | : | No. 1409 WDA 2018 |

Appeal from the Judgment of Sentence Entered August 30, 2018
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000272-2014

BEFORE: BENDER, P.J.E., NICHOLS, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.: FILED JUNE 18, 2019

Appellant, Canyon Cliff Beer, appeals from the judgment of sentence of $7^{1}/_{2}$ to 15 years of incarceration, imposed by the trial court after it revoked drug and alcohol restrictive intermediate punishment that it had imposed following Appellant's violation of the probation portion of a split sentence of incarceration and probation. Appellant's counsel has filed a petition to withdraw and an Anders[1] brief, stating that the appeal is wholly frivolous. After careful review, we deny counsel's petition to withdraw and order counsel to submit an advocate's brief or a new Anders brief within 30 days of the date of this memorandum.

_____

[1] Anders v. California, 386 U.S. 738 (1967).

* Retired Senior Judge assigned to the Superior Court.

On September 17, 2014, Appellant pled guilty to a single count of delivery of a controlled substance,[2] heroin, and was sentenced to one to two years of incarceration in a state correctional facility followed by three years of probation, with credit for time served since April 28, 2014. The maximum sentence for this offense is 15 years of incarceration. 35 P.S. § 780-113(f)(1). On May 24, 2015, Appellant was released from state custody on parole, at which time the maximum date on his incarceration sentence was April 28, 2016 and his probation sentence was to run from April 28, 2016 to April 28, 2019. Order to Release on Parole, 5/5/15; Request for Special Probation/Parole Supervision, 12/3/15. On April 29, 2016, Appellant was charged with a technical violation of parole and probation conditions consisting of failing to notify his supervising officer of a change of residence and was jailed for seven days. Notice of Charges, 4/29/16; Memorandum of Credit for Time Served, 12/12/18. Following a hearing on that charge, Appellant's home plan was modified and he was ordered to attend family counseling, but no revocation of Appellant's parole or probation was issued. Gagnon[3] Order, 5/6/16.

On June 2, 2016, Appellant was charged with technical violations of his probation, failure to report to his supervising officer and violation of curfew,

_____

[2] 35 P.S. § 780-113(a)(30).

[3] Gagnon v. Scarpelli, 411 U.S. 778 (1973).

which occurred on May 27, 2016, after he had fully served the incarceration portion of his sentence. Notice of Charges, 6/2/16. Appellant was jailed on these charges for 52 days. Memorandum of Credit for Time Served, 12/12/18. Following the results of toxicology tests, the trial court on July 22, 2016 revoked Appellant's probation and re-sentenced him to five years of drug and alcohol restrictive intermediate punishment, including inpatient drug and alcohol rehabilitation, followed by commitment to a halfway house, outpatient treatment, and three months of house arrest with electronic monitoring. Gagnon Order, 7/22/16; Release Order, 7/22/16. Appellant served 194 days in rehabilitation and 90 days of house arrest under this sentence. Memorandum of Credit for Time Served, 12/12/18.

On May 15, 2017, Appellant was charged with a technical violation of his drug and alcohol restrictive intermediate punishment, consisting of illegal drug use. Notice of Charges, 5/15/17. Appellant was jailed on these charges for 14 days. Memorandum of Credit for Time Served, 12/12/18. On May 25, 2017, the trial court revoked the drug and alcohol restrictive intermediate punishment imposed in 2016 and re-sentenced Appellant to a new sentence of five years of drug and alcohol restrictive intermediate punishment with additional drug court terms and conditions. Gagnon Order, 5/25/17. Under this sentence, Appellant served 18 days in rehabilitation and 118 days of house arrest and was incarcerated for several periods between May 25, 2017

and June 28, 2018 for a total of 42 days. Memorandum of Credit for Time Served, 12/12/18.

Appellant was ordered detained on June 28, 2018, for violating the conditions of his drug court drug and alcohol restrictive intermediate punishment sentence as a result of his testing positive for methamphetamine, and was removed from the Drug Court program on July 6, 2018. Detainer Order, 6/28/18; Order, 7/6/18; Notice of Charges, 7/6/18. Appellant remained jailed until a Gagnon II hearing was held on August 30, 2018. Gagnon Order, 7/18/18; Memorandum of Credit for Time Served, 12/12/18.

At the August 30, 2018 hearing, the trial court found that Appellant had been convicted of a new crime, the summary offense of criminal mischief, and had violated the conditions of his drug court drug and alcohol restrictive intermediate punishment sentence. N.T. at 3, 5. The trial court revoked Appellant's drug court drug and alcohol restrictive intermediate punishment and re-sentenced Appellant to the statutory maximum sentence for his delivery of a controlled substance conviction, $7^1/_2$ to 15 years of incarceration, with credit for time served. Gagnon Order, 8/30/18; N.T. at 5-6. On September 10, 2018, counsel timely filed a motion for reconsideration of sentence, which the trial court denied on September 11, 2018.

On September 27, 2018, counsel timely filed the instant direct appeal from the August 30, 2018 judgment of sentence.[4]  On March 8, 2019, counsel filed an Anders brief and a petition to withdraw as counsel and sent copies of these documents to Appellant.  In his Anders brief, counsel presents the following issue:

> Whether the Trial Court committed an abuse of discretion when it revoked Appellant's probation/parole and re-sentenced him to serve a sentence of not less than seven and a half ($7\frac{1}{2}$) years nor more than fifteen (15) years in a state correctional institution given the circumstances of the case.

Anders Br. at 4.  Appellant has not filed any pro se response to counsel's petition to withdraw or Anders brief.  On March 11, 2019, the Commonwealth advised the Court that it had elected not to file a brief.

Before this Court can consider the merits of this appeal, we must first determine whether counsel has satisfied all of the requirements that court-appointed counsel must meet before leave to withdraw may be granted. Commonwealth v. Dempster, 187 A.3d 266, 270 (Pa. Super. 2018) (en banc); Commonwealth v. Tejada, 176 A.3d 355, 358 (Pa. Super. 2017); Commonwealth v. Goodwin, 928 A.2d 287, 290 (Pa. Super. 2007) (en banc).

To withdraw from representing a criminal defendant on direct appeal on the basis that the appeal is frivolous, counsel must (1) petition the court for

_____

[4] Appellant filed his statement of errors complained of on appeal on October 31, 2018.  The trial court entered its opinion on November 2, 2018.

leave to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal is frivolous; (2) file a sufficient Anders brief; and (3) provide a copy of the Anders brief to the defendant and advise the defendant of his right to retain new counsel or proceed pro se and to raise any additional points that he deems worthy of the court's attention. Dempster, 187 A.3d at 270; Commonwealth v. Bynum-Hamilton, 135 A.3d 179, 183 (Pa. Super. 2016); Commonwealth v. Zeigler, 112 A.3d 656, 659-60 (Pa. Super. 2015). An Anders brief must comply with the all of the following requirements:

> [T]he Anders brief … must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Commonwealth v. Santiago, 978 A.2d 349, 361 (Pa. 2009); see also Dempster, 187 A.3d at 270; Tejada, 176 A.3d at 359; Zeigler, 112 A.3d at 660.

If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is wholly frivolous. Commonwealth v. Yorgey, 188 A.3d 1190, 1196 (Pa. Super. 2018) (en banc); Dempster, 187 A.3d at 271; Zeigler, 112 A.3d at 660. If the Court in its independent review concludes that the issues raised in counsel's Anders

brief have not been shown to be wholly frivolous or that counsel has overlooked an issue that may have arguable merit, the petition to withdraw must be denied, and counsel must be directed to file either an advocate's brief on the merits or a new Anders brief that, at a minimum, addresses those non-frivolous or potentially non-frivolous issues.  Tejada, 176 A.3d at 359-62; Zeigler, 112 A.3d at 662-63; Commonwealth v. Orellana, 86 A.3d 877, 882-83 (Pa. Super. 2014).

Counsel states in his petition to withdraw that he has reviewed the entire record and determined that there are no non-frivolous grounds for the appeal. Counsel's March 8, 2019 letter to Appellant provided a copy of the Anders brief to Appellant and advised him of his right either to retain new counsel or to proceed pro se on appeal to raise any points he deems worthy of the court's attention.  Counsel in his brief provides procedural and factual summaries of the case with references to the record and cites and discusses law applicable to the issue he has identified.  Counsel also explains the argument that he has raised, that imposition of the maximum 15-year sentence is manifestly excessive and unreasonable where Appellant's violations of probation and intermediate punishment have been primarily technical violations and the new conviction was a summary offense.  Counsel has therefore complied with all of the technical requirements for petitioning to withdraw.

Accordingly, we proceed to conduct an independent review of the record to ascertain whether the appeal is indeed wholly frivolous.  This Court first

considers the issues raised by counsel in the Anders brief and determines whether they are in fact frivolous. Dempster, 187 A.3d at 272. We conclude that the issue raised by counsel has not been shown to be wholly frivolous.

A claim that a sentence following the revocation of probation or another non-incarceration sentence is manifestly excessive and unreasonable presents a substantial question that this Court may review on appeal. Commonwealth v. Derry, 150 A.3d 987, 995 (Pa. Super. 2016).[5] While a sentencing court has broad discretion in choosing the length of confinement, an argument that a sentence at the extreme reaches of the trial court's sentencing power is excessive can present a non-frivolous issue. Commonwealth v. Edwards, 906 A.2d 1225, 1230-32 (Pa. Super. 2006).

It does not appear from counsel's Anders brief or on the face of the record that the statutory maximum sentence imposed here cannot possibly be considered manifestly excessive and unreasonable. The trial court at the hearing and in its opinion did not state that it considered 15 years of incarceration appropriate to Appellant's violations of his intermediate punishment. It also did not find that Appellant's violations involved violent or dangerous conduct or the same criminal conduct, drug dealing, for which he

_____

[5] While an appellant challenging the discretionary aspects of sentence is also required to satisfy other requirements, including filing a timely post-sentence motion and complying with Pa.R.A.P. 2119(f), see, e.g., Dempster, 187 A.3d at 272; Derry, 150 A.3d at 991, all of those other requirements were satisfied here.

was originally sentenced. Rather, the trial court's sole explanation for selecting the statutory maximum sentence, rather than a shorter maximum sentence of incarceration, was that anything short of a 15-year sentence would not provide a meaningful minimum period of incarceration and would result in Appellant's near immediate release on parole because of the credit that Appellant would receive for time served. N.T. at 5-6; Trial Court Opinion at 2.

That reasoning does not appear to be an accurate statement of the law. Credit against the new sentence for time served on prior sentences for the same conviction is required where the statutory maximum sentence is imposed to prevent the imposition of an illegal sentence. Commonwealth v. Williams, 662 A.2d 658, 659 (Pa. Super. 1995). Credit against a new sentence imposed after revocation of probation or intermediate punishment is not required, however, where the new sentence and all prior sentences that the defendant has already served for the same conviction added together total less than the statutory maximum. Commonwealth v. Crump, 995 A.2d 1280, 1284 (Pa. Super. 2010). The trial court therefore was not required to impose a $7^1/_2$-to-15 year sentence to achieve its stated objective of a meaningful minimum period of incarceration.

An argument is not wholly frivolous simply because counsel views the argument as weak and unlikely to prevail. Orellana, 86 A.3d at 882; Edwards, 906 A.2d at 1231; Commonwealth v. Kearns, 896 A.2d 640, 647

(Pa. Super. 2006). Rather, an argument is wholly frivolous only if it is foreclosed under controlling law. Orellana, 86 A.3d at 882; Edwards, 906 A.2d at 1231; Kearns, 896 A.2d at 647.

> Our system of appellate review is based upon the notion that an adversarial process will best advance the interests of the parties and the development of the law. In this process, each side is expected to make its best argument(s) and the appellate court decides which argument is of greater merit. It appears that unless a position is without question defeated by existing caselaw, an appointed counsel should advance the best argument he/she is capable of constructing and allow the appellate court to make the ultimate determination that the argument lacks merit. It may be that counsel believes that the argument advanced is unlikely to ultimately prevail. Nevertheless, this does not mean that the appeal is wholly frivolous.

Edwards, 906 A.2d at 1231 (quoting Kearns).

Given the length of the sentence and the trial court's apparently inaccurate assumption that no shorter sentence could provide the meaningful minimum period of incarceration that it sought to impose, Counsel should evaluate whether the issue that he raised concerning excessiveness of Appellant's sentence is wholly frivolous under the above standard and address that issue in an advocate's brief or new Anders brief.

For the above reasons, we deny counsel's petition to withdraw and order counsel to file an advocate's brief or new Anders brief within 30 days of the date of this memorandum. In addition to the above issue, counsel may raise

any other non-frivolous issues that he has identified. The Commonwealth shall have 30 days from that filing to respond.[6]

Petition to withdraw denied. Anders brief stricken. Appellant's counsel ordered to file an advocate's brief or a new Anders brief within 30 days of the date of this memorandum. The Commonwealth may file a brief within 30 days of Appellant's counsel's brief. Panel jurisdiction retained.

_____

[6] If the Commonwealth chooses to not file a brief in response, the Court requests that the Commonwealth promptly send a letter to the Prothonotary advising the Court that no brief will be filed.